# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

PHILLIP JACKSON BAILEY,

    Plaintiff,

v.

CAROL LYNNIE EINERSON, *et al.*,

    Defendants.

Case No. 3:24-cv-00027-SLG

## **SCREENING ORDER**

On January 23, 2024, self-represented prisoner Phillip Jackson Bailey ("Plaintiff") filed a civil complaint against employees of the Alaska Department of Corrections ("DOC") alleging violations of his due process and equal protection rights under the Fourteenth Amendment.[1] After the Court notified Plaintiff that his filing was deficient, Plaintiff filed an application to proceed without prepaying the filing fee on July 9, 2024.[2]

The Court has now screened Plaintiff's Complaint in accordance with 28 U.S.C. §§ 1915(e) and 1915A. As explained further below, the Complaint is DISMISSED for failure to comply with Rule 8 of the Federal Rules of Civil Procedure and failure to state a claim upon which relief could be granted. However,

---

[1] Docket 1.

[2] Dockets 2, 4.

Plaintiff is accorded **60 days** to file an amended complaint in accordance with the guidance herein.

## SCREENING STANDARD

Under the Prison Litigation Reform Act, the Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.[3] In this screening, a court shall dismiss the case at any time if the court determines that the action:

> (i) is frivolous or malicious;
>
> (ii) fails to state a claim on which relief may be granted; or
>
> (iii) seeks monetary relief against a defendant who is immune from such relief.[4]

In conducting its screening review, a federal court must liberally construe a self-represented plaintiff's pleading and give the plaintiff the benefit of the doubt.[5] Although the scope of review generally is limited to the contents of the complaint, a court may also consider documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice.[6] Such

---

[3] 28 U.S.C. §§ 1915, 1915A.

[4] 28 U.S.C. § 1915(e)(2)(B).

[5] *See Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citing *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) (en banc)).

[6] *United States v. Ritchie,* 342 F.3d 903, 908 (9th Cir. 2003).

Case No. 3:24-cv-00027-SLG, *Bailey v. Einerson, et al.*
Screening Order
Page 2 of 18
Case 3:24-cv-00027-SLG   Document 6   Filed 11/18/24   Page 2 of 18

documents that contradict the allegations of a complaint may fatally undermine the complaint's allegations.[7]

Before a court may dismiss any portion of a complaint, a court must provide a plaintiff with a statement of the deficiencies in the complaint and an opportunity to amend or otherwise address the problems, unless to do so would be futile.[8] Futility exists when "the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency."[9]

## DISCUSSION

Plaintiff claims that on or about August 24, 2023, he received mail containing sexually explicit material.[10] He believes Defendants allowed the "contraband" into the facility to implicate Plaintiff in a crime and violate his rights.[11] He also claims he was threatened for reporting the incident.[12] Plaintiff claims Defendants violated his due process and equal protection rights and implicates the Prison Rape

---

[7] *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001), *amended by* 275 F.3d 1187 (2001) (noting that a plaintiff can "plead himself out of a claim by including ... details contrary to his claims").

[8] *See Gordon v. City of Oakland*, 627 F.3d 1092, 1094 (9th Cir. 2010) (citing *Albrecht v. Lund*, 845 F.2d 193, 195 (9th Cir. 1988)).

[9] *See Schreiber Distributing Co. v. Serv-Well Furniture Co.,* 806 F.2d 1393, 1401 (9th Cir. 1986).

[10] Docket 1 at 4.

[11] Docket 1 at 4.

[12] Docket 1 at 5.

Case No. 3:24-cv-00027-SLG, *Bailey v. Einerson, et al.*
Screening Order
Page 3 of 18
Case 3:24-cv-00027-SLG    Document 6    Filed 11/18/24    Page 3 of 18

Elimination Act (PREA). For relief, Plaintiff wants his record to show he did not bring the contraband into the facility, nor was he aware it was being sent to him. He also wants the Facility Administration to be held accountable for distributing the mail to him.[13]

However, the Court is unable to identify a plausible injury that affected Plaintiff personally, and the DOC records Plaintiff filed with his Complaint undermine his allegations. Although Plaintiff requests DOC records be updated, they already support his statement that was not responsible for bringing the illicit material into the prison.[14] Rather, according to the Property Seizure Report dated 8/24/2023, Plaintiff "voluntarily turned in a letter… that should have never made it through the screening process for distribution."[15] The report goes on to thank Plaintiff for notifying DOC staff and promptly returning the illicit material.[16] Similarly, the Incident Report Form dated 8/24/2024, summarizing the alleged events and Plaintff's concerns, is labeled as informational and does not include any disciplinary actions. Plaintiff also filed three Request for Interview forms—none of which describe any discipline or deprivation imposed after Plaintiff turned in the

---

[13] Docket 1 at 5.

[14] Docket 1-1.

[15] Docket 1-1 at 2.

[16] Docket 1-1 at 2.

Case No. 3:24-cv-00027-SLG, *Bailey v. Einerson, et al.*
Screening Order
Page 4 of 18
Case 3:24-cv-00027-SLG   Document 6   Filed 11/18/24   Page 4 of 18

mail.[17] There does not appear to be any information in Plaintiff's DOC records implicating him in any criminal acts or violations of prison policies, and therefore, there is nothing to update or correct. Additionally, it is unclear what it is Plaintiff wants Defendants to be "accountable" for when he has not pleaded sufficient facts to establish standing or support a claim for which relief could be granted.

I. **Standing**

"[F]ederal courts are courts of limited jurisdiction" and "may not exercise jurisdiction absent a statutory basis."[18] A party asserting that a federal court has jurisdiction over an action bears the burden of establishing it.[19] A party invoking federal jurisdiction must also satisfy the threshold requirement of showing an actual case or controversy under Article III of the U.S. Constitution.[20] Federal courts enforce this jurisdictional limitation through the doctrine of standing.[21]

To establish standing, a plaintiff "must demonstrate that he has suffered an injury-in-fact, that the injury is traceable to the [defendant's] actions, and that the injury can be redressed by a favorable decision."[22] An injury-in-fact is "an invasion

---

[17] Docket 1-1 at 4-6.

[18] *Home Depot U.S.A., Inc. v. Jackson,* 139 S. Ct. 1743, 1746 (2019).

[19] *Hertz Corp. v. Friend,* 559 U.S. 77, 96 (2010).

[20] *Los Angeles v. Lyons*, 461 U.S. 95 (1983).

[21] See *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 340–42 (2006).

[22] *Chapman v. Pier 1 Imports (U.S.) Inc.,* 631 F.3d 939, 946 (9th Cir. 2011) (en banc) (citing *Fortyune v. Am. Multi-Cinema, Inc.,* 364 F.3d 1075, 1081 (9th Cir. 2004)).

Case No. 3:24-cv-00027-SLG, *Bailey v. Einerson, et al.*
Screening Order
Page 5 of 18
Case 3:24-cv-00027-SLG    Document 6    Filed 11/18/24    Page 5 of 18

of a legally protected interest which is (a) concrete and particularized, and (b) 'actual or imminent' not 'conjectural' or 'hypothetical.' "[23] A "particularized" injury is one that " 'affect[s] the plaintiff in a personal and individual way.' "[24] A "concrete" injury "must actually exist" and must be "real, and not abstract."[25] If a federal court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.[26] A federal court can also dismiss a complaint where it is based solely on conclusory statements, naked assertions without any factual basis, or allegations that are not plausible on their face.[27] While a federal court must construe a self-represented plaintiff's complaint in the light most favorable to the plaintiff,[28] it is not required to accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact.[29]

---

[23] *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560 (1992) (citations omitted).

[24] *Spokeo, Inc. v. Robins,* 578 U.S. 330, 339 (2016) (quoting *Lujan,* 504 U.S. at 560 n.1).

[25] *Id.* at 340 (quotation marks omitted).

[26] Fed. R. Civ. P. 12(h)(3); *see also Valdez v. Allstate Ins. Co.,* 372 F.3d 1115, 1116 (9th Cir. 2004) (a federal court is obligated to evaluate its subject matter jurisdiction in each case and to dismiss a case when such jurisdiction is lacking).

[27] *Ashcroft v. Iqbal,* 556 U.S. 662, 677-78 (2009); *see also Erickson v. Pardus*, 551 U.S. 89 (2007) (per curiam).

[28] *Bernhardt v. L.A. County*, 339 F.3d 920, 925 (9th Cir. 2003) (a federal court must construe *pro se* pleadings liberally and afford the *pro se* litigant the benefit of any doubt).

[29] *See, e.g., Aldabe v. Aldabe,* 616 F.2d 1089, 1092 (9th Cir. 1980) (affirming dismissal of Section 1983 and 1985 claims because plaintiff's conclusory allegations of conspiracy were not supported by material facts).

Case No. 3:24-cv-00027-SLG, *Bailey v. Einerson, et al.*
Screening Order
Page 6 of 18
Case 3:24-cv-00027-SLG   Document 6   Filed 11/18/24   Page 6 of 18

Plaintiff has included some claims over which a federal court may have subject matter jurisdiction, such as violations of his due process and equal protection rights under the Fourteenth Amendment. But the Court is unable to identify a redressable injury or identify any plausible claims upon which relief could be granted. Therefore, the Complaint must be dismissed.

## II. Prison Rape Elimination Act ("PREA")

Plaintiff cannot state a claim under the Prison Rape Elimination Act ("PREA"). PREA was enacted to study the problem of prison rape and to authorize the reporting of incidents of rape,[30] but it does not provide a private right of action that allows a prisoner to sue a correctional officer for an alleged violation of PREA.[31] Therefore, Plaintiff's PREA claim is DISMISSED with prejudice.

## III. Civil Rights Claims

To state a claim for relief under 42 U.S.C. § 1983 ("Section 1983"), a plaintiff must allege plausible facts that, if proven, would establish (1) the defendant acting under color of state law (2) deprived the plaintiff of rights secured by the federal

---

[30] 42 U.S.C. § 15061; 34 U.S.C. § 30302(1) ("[The purpose of the Act is to] establish a zero-tolerance standard for the incidence of prison rape in prisons in the United States[.]").

[31] *See* 42 U.S.C. § 15607(e) (explicitly directing the Attorney General to enforce compliance with the PREA); *Alexander v. Sandoval,* 532 U.S. 275, 286 (2001) (explaining that absent Congressional intent "to create not just a private right but also a private remedy ... no private right of action exists").

Case No. 3:24-cv-00027-SLG, *Bailey v. Einerson, et al.*
Screening Order
Page 7 of 18
Case 3:24-cv-00027-SLG   Document 6   Filed 11/18/24   Page 7 of 18

Constitution or federal statutes.[32] To act under color of state law, a complaint must allege that the defendant acted with state authority as a state actor.[33] To be deprived of a right, the defendant's action needs to either violate rights guaranteed by the Constitution or an enforceable right created by federal law.[34] Section 1983 does not confer constitutional or federal statutory rights. Instead, it provides a mechanism for remedying violations of pre-existing federal rights.[35]

### A. Fourteenth Amendment Due Process Claim

The Fourteenth Amendment Due Process Clause states that no state actor may "deprive any person of life, liberty, or property without due process of law." To prevail on a procedural due process claim, Plaintiff bears the burden of pleading and proving: (1) a liberty or property interest protected by the Constitution; (2) a deprivation of that interest by the government; and (3) the lack of process.[36]

"The threshold question in due process analysis is whether a constitutionally protected interest is implicated."[37] The Due Process Clause does not protect every

---

[32] *Gibson v. United States*, 781 F.2d 1334, 1338 (9th Cir. 1986).

[33] *West v. Atkins*, 487 U.S. 42, 49 (1988) (quoting *United States v. Classic*, 313 U.S. 299, 326 (1941)).

[34] *Buckley v. City of Redding*, 66 F. 3d 188, 190 (9th Cir. 1995); *Blessing v. Freestone*, 520 U.S. 329, 340-41 (1997).

[35] *Graham v. Connor*, 490 U.S. 386, 393–94 (1989).

[36] *Portman v. County of Santa Clara*, 995 F.2d 898, 904 (9th Cir. 1993).

[37] *Baumann v. Arizona Dep't of Corr.*, 754 F.2d 841, 843 (9th Cir. 1985).

Case No. 3:24-cv-00027-SLG, *Bailey v. Einerson, et al.*
Screening Order
Page 8 of 18
Case 3:24-cv-00027-SLG   Document 6   Filed 11/18/24   Page 8 of 18

change in the conditions of confinement, not even ones having a "substantial adverse impact" on the prisoners.[38] An inmate's constitutional due process rights are implicated only when he faces a situation that imposes "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life."[39]

Plaintiff has not identified any deprivation of a protected property or liberty interest that could implicate due process procedural protections. Therefore, he has failed to state a Fourteenth Amendment due process claim for which relief may be granted.

### B. Fourteenth Amendment Equal Protection Claim

The Equal Protection Clause of the Fourteenth Amendment requires that all persons who are similarly situated be treated alike.[40] To state a claim for a violation of this provision, a plaintiff must plausibly allege facts that if proven, would demonstrate that a defendant acted with an intent or purpose to discriminate against the plaintiff based upon the plaintiff's membership in a protected class.[41]

---

[38] *Meachum v. Fano,* 427 U.S. 215, 224 (1976).

[39] *Sandin v. Conner,* 515 U.S. 472, 483–84 (1995).

[40] *Lee v. City of L.A.*, 250 F.3d 668, 686 (9th Cir. 2001), *overruled on other grounds by Galbraith v. County of Santa Clara,* 307 F.3d 1119, 1125–26 (9th Cir. 2002).

[41] *Furnace v. Sullivan,* 705 F.3d 1021, 1030 (9th Cir. 2013) (rejecting equal protection claim where inmate failed to show that he was treated differently than any other inmates in the relevant class). *See also Yick Wo v. Hopkins,* 118 U.S. 356, 369 (1886) (The guarantees of equal protection "are universal in their application, to all persons within the territorial jurisdiction, without regard to any differences of race, of color, or of nationality; and the equal protection of the laws is a pledge of the protection of equal laws.").

Case No. 3:24-cv-00027-SLG, *Bailey v. Einerson, et al.*
Screening Order
Page 9 of 18
Case 3:24-cv-00027-SLG   Document 6   Filed 11/18/24   Page 9 of 18

Prisoners are not a protected class, but the Equal Protection Clause does protect prisoners from intentional discrimination based on race,[42] religion,[43] or gender identity.[44]

To establish a violation of the Equal Protection Clause, a prisoner must present evidence of discriminatory intent based on that protected class.[45] The Fourteenth Amendment is not violated by unintentional conduct that may have a disparate impact.[46] The United States Supreme Court has observed that "showing that different persons are treated differently is not enough, without more, to show

---

[42] *Wolff v. McDonnell,* 418 U.S. 539, 556 (1974). *See also Johnson v. California*, 543 U.S. 499, 512–15 (2005) (holding that strict scrutiny is the proper standard of review for a prisoner's equal protection challenge to racial classifications); *Cruz v. Beto*, 405 U.S. 319, 321 (1972) (per curiam) (Racial segregation is unconstitutional within prisons "save for 'the necessities of prison security and discipline.' ") (internal citations omitted); *Grutter v. Bollinger,* 539 U.S. 306, 327 (2003) ("When race-based action is necessary to further a compelling governmental interest, such action does not violate the constitutional guarantee of equal protection so long as the narrow-tailoring requirement is also satisfied.").

[43] *See Freeman v. Arpaio*, 125 F.3d 732, 737 (9th Cir. 1997) (citing *Cruz*, 405 U.S. at 321–22), *abrogated on other grounds by Shakur v. Schriro*, 514 F.3d 878, 884–85 (9th Cir. 2008).

[44] *Compare Harrison v. Kernan*, 971 F.3d 1069, 1079–80 (9th Cir. 2020) (adopting intermediate scrutiny in gender-based prison cases) *with Karnoski v. Trump,* 926 F.3d 1180, 1201 (9th Cir. 2019) (holding that the level of scrutiny applicable to discrimination based on transgender status is "more than rational basis but less than strict scrutiny").

[45] *See Washington v. Davis*, 426 U.S. 229, 239–40 (1976).

[46] *See Vill. of Arlington Heights v. Metro. Hous. Dev. Corp.,* 429 U.S. 252, 265 (1977); *Washington v. Davis,* 426 U.S. 229, 239 (1976).

Case No. 3:24-cv-00027-SLG, *Bailey v. Einerson, et al.*
Screening Order
Page 10 of 18
Case 3:24-cv-00027-SLG    Document 6    Filed 11/18/24    Page 10 of 18

a denial of equal protection."[47] For a plaintiff to prevail, this "discriminatory purpose" must be clearly shown since a purpose cannot be presumed.[48]

Because Plaintiff has not alleged facts to support a finding of discrimination based on his membership in a protected class, Plaintiff fails to state a claim for violation of the Equal Protection Clause.[49]

### C. Retaliation

Plaintiff claims he was "threatened" for trying to report and surrender the illicit material he received in the mail. To the extent Plaintiff intended to bring a claim of retaliation based on the undescribed threats, Plaintiff also fails to state a claim. The nature of a retaliation claim requires that it be "regarded with skepticism, lest federal courts embroil themselves in every disciplinary act that occurs in state penal institutions."[50] Every act of discipline by prison officials is by definition "retaliatory" in the sense that it responds directly to prisoner misconduct.[51] Claims

---

[47] *Griffin v. County Sch. Bd. of Prince Edward County,* 377 U.S. 218, 230 (1964).

[48] *See Snowden v. Hughes,* 321 U.S. 1, 8 (1944) (holding there must be a showing of "intentional or purposeful discrimination . . . a discriminatory purpose is not presumed").

[49] *Cf. United States v. Juvenile Male,* 670 F.3d 999, 1009 (9th Cir. 2012) (recognizing that the Ninth Circuit has previously "rejected the argument that sex offenders are a suspect or protected class") (citing *United States v. LeMay,* 260 F.3d 1018, 1030–31 (9th Cir. 2001)).

[50] *Canell v. Multnomah Cnty.,* 141 F. Supp. 2d 1046, 1059 (D. Or. 2001) (quoting *Adams v. Rice,* 40 F. 3d 72, 74 (4th Cir.1994)).

[51] *Id.*

Case No. 3:24-cv-00027-SLG, *Bailey v. Einerson, et al.*
Screening Order
Page 11 of 18
Case 3:24-cv-00027-SLG   Document 6   Filed 11/18/24   Page 11 of 18

of retaliatory actions are legally frivolous unless the complaint implicates a right that exists under the federal Constitution.[52]

To state a plausible retaliation claim, the Ninth Circuit requires a plaintiff to allege both "that the type of activity he engaged in was protected under the first amendment and that the state impermissibly infringed on his right to engage in the protected activity."[53] A plaintiff must also demonstrate that the prison authorities' alleged retaliatory action did not advance legitimate goals of the correctional institution, and that the plaintiff was injured by the retaliation.[54] Prison officials have broad administrative and discretionary authority over the institutions they manage, and lawfully incarcerated persons retain only a narrow range of protected liberty interests.[55] A prisoner retains only those First Amendment rights that are not inconsistent with his status as a prisoner or with the legitimate penological objectives of the corrections system.[56] "Prisoners have a First Amendment right to

---

[52] *Neitzke v. Williams,* 490 U.S. 319, 327 (1989).

[53] *Rizzo v. Dawson,* 778 F.2d 527, 531 (9th Cir.1985).

[54] *Resnick v. Hayes,* 213 F.3d 443, 449 (9th Cir. 2000). *See also Pratt v. Rowland,* 65 F.3d 802 (9th Cir.1995) (holding that a plaintiff must show that there were "no legitimate correctional purposes motivating the actions he complains of").

[55] *Hewitt v. Helms*, 459 U.S. 460 (1983), receded from on other grounds by *Sandin v. Conner,* 515 U.S. 472 (1995). *See also Bell v. Wolfish,* 441 U.S. 520, 547 (1979) ("Prison administrators ... should be accorded wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security.").

[56] *Pell v. Procunier,* 417 U.S. 817, 822 (1974).

Case No. 3:24-cv-00027-SLG, *Bailey v. Einerson, et al.*
Screening Order
Page 12 of 18
Case 3:24-cv-00027-SLG    Document 6    Filed 11/18/24    Page 12 of 18

file grievances against prison officials and to be free from retaliation for doing so."[57] However, Plaintiff has not shown he was retaliated against for any protected conduct. Further, he makes no showing of a chilling or deterring effect of Defendants' actions on his ability to file grievances or access the courts. Therefore, the Court finds Plaintiff's retaliation claim to be frivolous.[58]

### IV. Filing an Amended Complaint

An amended complaint replaces the prior complaint in its entirety.[59] Any claim not included in the amended complaint will be considered waived. However, an amended complaint need only contain a "short and plain statement of the claim showing that the pleader is entitled to relief."[60] An amended complaint need not and should not contain legal research or analysis. Additionally, a plaintiff need not file exhibits or evidence to attempt to prove his case at the pleading stage.[61] Rather, a complaint need only to allege sufficient factual matter, accepted as true,

---

[57] *Watison v. Carter,* 668 F.3d 1108, 1114 (9th Cir. 2012).

[58] *Hudson v. McMillian,* 503 U.S. 1, 8-9 (1992) (citing *Wilson v. Seiter,* 501 U.S. 294, 298 (1991)).

[59] *See* Fed. R. Civ. P. 15; Local Civil Rule 15.1.

[60] Fed. R. Civ. P. 8(a)(2).

[61] Although the Court may also consider documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice, the scope of review at the screening generally is limited to the contents of the complaint. *United States v. Ritchie,* 342 F.3d 903, 908 (9th Cir. 2003).

Case No. 3:24-cv-00027-SLG, *Bailey v. Einerson, et al.*
Screening Order
Page 13 of 18
Case 3:24-cv-00027-SLG   Document 6   Filed 11/18/24   Page 13 of 18

to state a [plausible] claim for relief.[62] A claim is "plausible" when the facts alleged support a reasonable inference that the plaintiff is entitled to relief from a specific defendant for specific misconduct.

The amended complaint must contain separately numbered, clearly identified claims. Each claim should identify the specific injury that the plaintiff is alleging has occurred, when that injury occurred, where that injury was caused, and who the plaintiff is alleging caused that specific injury. In addition, the allegations of the amended complaint must be set forth in sequentially numbered short paragraphs, and no paragraph number being repeated anywhere in the complaint.[63] Rule 10(b) of the Federal Rules of Civil Procedure requires that "[a] party must state its claims or defenses as numbered paragraphs, each limited as far as practicable to a single set of circumstances." And an amended complaint should contain only those facts needed to show how each defendant legally wronged the plaintiff. Neither the Court nor the defendants are required to search through a plaintiff's narrative in an effort to try to pull out facts and allegation regarding each defendant. Although Plaintiff is being given the opportunity to file an amended complaint, he shall not unjustifiably expand the scope of the case by

---

[62] Fed. Rule Civ. Proc. 8(a)(2).

[63] A complaint must consist of continuously numbered paragraphs from beginning to end; do not start each new section with number 1. This allows ease of reference to the various allegations in the complaint and permits the defendants to admit or deny each specific allegation by paragraph.

Case No. 3:24-cv-00027-SLG, *Bailey v. Einerson, et al.*
Screening Order
Page 14 of 18
Case 3:24-cv-00027-SLG   Document 6   Filed 11/18/24   Page 14 of 18

alleging new unrelated claims.[64] An amended complaint must not include any claims or defendants for which Plaintiff lacks a sufficient legal or factual basis or any claims or defendants the Court has previously dismissed with prejudice.

**IT IS THEREFORE ORDERED:**

1. Plaintiff's Complaint at **Docket 1 is DISMISSED**. The Court grants Plaintiff leave to file an amended complaint in accordance with the guidance provided in this order.

2. Plaintiff is accorded **60 days** from the date of this order to file either:

    a. <u>First Amended Complaint</u>, in which Plaintiff revises his complaint to address the deficiencies identified in this order. An amended complaint should be on the Court's form, which is being provided to Plaintiff with this order; OR

    b. <u>Notice of Voluntary Dismissal</u>, in which Plaintiff elects to close and end the case.

3. If Plaintiff does not file either an Amended Complaint or Notice of Voluntary Dismissal on the Court's form, the case may be dismissed under 28 U.S.C. § 1915(e)(2)(B) without further notice to Plaintiff.

4. Federal law requires that self-represented prisoners receive a "strike" if this case is dismissed "as frivolous or malicious or for failure to state a claim upon

---

[64] *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

Case No. 3:24-cv-00027-SLG, *Bailey v. Einerson, et al.*
Screening Order
Page 15 of 18
Case 3:24-cv-00027-SLG    Document 6    Filed 11/18/24    Page 15 of 18

which relief may be granted."[65] Once a prisoner-plaintiff has accumulated three strikes, he may not proceed without paying the full filing fee, unless he makes "plausible allegations" that, at the time he filed the complaint, "the prisoner is under imminent danger of serious physical injury."[66] If Plaintiff's amended complaint is dismissed on this basis, he will receive one strike.

5. Plaintiff's application to waive prepayment of the filing fee at **Docket 4 is GRANTED.**

6. Plaintiff is advised federal law only allows prisoners to waive prepayment of the fees associated with civil lawsuits. Prisoners must pay the filing fee incrementally until paid in full, regardless of the outcome of the action.[67] Should Plaintiff proceed with this lawsuit and sufficiently plead a claim for relief in an amended complaint, the Court will issue a separate order on the collection of the filing fee.

7. If Plaintiff is released while this case remains pending and the filing fee has not been paid in full, Plaintiff must, within 30 days of his release, either (1) pay the unpaid balance of his filing fee or (2) file a Non-Prisoner Application to

---

[65] 28 U.S.C. § 1915(g).

[66] 28 U.S.C. § 1915(g); *see also Andrews v. Cervantes,* 493 F.3d 1047, 1055 (9th Cir. 2007).

[67] 28 U.S.C. § 1915(b)(1)&(2).

Case No. 3:24-cv-00027-SLG, *Bailey v. Einerson, et al.*
Screening Order
Page 16 of 18
Case 3:24-cv-00027-SLG    Document 6    Filed 11/18/24    Page 16 of 18

Waive the Filing Fee (Form PS11).[68] Failure to comply may result in dismissal of this action.

8. Self-represented litigants are expected to review and comply with the Federal Rules of Civil Procedure, the Local Civil Rules, and all Court orders.[69] Failure to do so may result in the imposition of sanctions authorized by law, including dismissal of the action.

9. Self-represented litigants must be ready to diligently pursue each case to completion. Missing a deadline or otherwise failing to pursue a case may result in the dismissal of the action.

10. At all times, all parties shall keep the Court informed of any change of address or phone number. Such notice shall be titled "Notice of Change of Address." The Notice shall contain only information about the change of address, and its effective date.[70] The Notice shall not include requests for any other relief. A Notice of Change of Address form, PS23, may be obtained from the Clerk of

---

[68] The Court's template forms are available upon request from the Clerk's office and on the Court's website at https://www.akd.uscourts.gov/forms.

[69] Federal Rules of Civil Procedure: https://www.uscourts.gov/rules-policies/current-rules-practice-procedure/federal-rules-civil-procedure; Court's Local Rules: https://www.akd.uscourts. gov/court-info/local-rules-and-orders/local-rules.

[70] *See* Local Civil Rule 11.1(b) (requiring a notice of change of address to be filed, as "[s]elf-represented parties must keep the court and other parties advised of the party's current address and telephone number.").

Case No. 3:24-cv-00027-SLG, *Bailey v. Einerson, et al.*
Screening Order
Page 17 of 18
Case 3:24-cv-00027-SLG   Document 6   Filed 11/18/24   Page 17 of 18

Court, if needed. If a plaintiff fails to keep a current address on file with the Court, that may result in a dismissal of the case without further notice to Plaintiff.

11. With this order, the Clerk is directed to send: (1) form PS01, with "FIRST AMENDED" written above the title "Prisoner's Complaint Under the Civil Rights Act 42 U.S.C. § 1983"; (2) form PS09, Notice of Voluntary Dismissal; and (3) form PS23, Notice of Change of Address.

DATED this 18th day of November 2024, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
SHARON L. GLEASON
UNITED STATES DISTRICT JUDGE

Case No. 3:24-cv-00027-SLG, *Bailey v. Einerson, et al.*
Screening Order
Page 18 of 18
Case 3:24-cv-00027-SLG    Document 6    Filed 11/18/24    Page 18 of 18